**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLIE HOLMES** | **CIVIL ACTION NO. 3:20-cv-247** |
| **VERSUS** | **SECTION:** |
| **JOHN DOE, TVS INC. D/B/A DEEP SOUTH FREIGHT, STARR INDEMNITY & LIABILITY INSURANCE COMPANY AND GALLAGHER BASSETT SERVICES, INC.** | **JUDGE** |
| | **MAGISTRATE** |

TO:    Honorable Michael McConnell
        Clerk of Court
        United States District Court
        Middle District of Louisiana
        777 Florida Street
        Suite 139
        Baton Rouge, Louisiana 70801

        Honorable Emile Pierre
        23rd Judicial District Court
        Parish of Ascension
        828 S. Irma Blvd.
        Gonzales, Louisiana 70737

        Connie Trieu, Esq.
        Allison J. Johnson, Esq.
        1800 Carol Sue Ave., Ste. 7
        Grenta, Louisiana 70056
        *Attorneys for Plaintiff*

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

Defendants, TVS, Inc., d/b/a/ Deep South Freight ("Deep South Freight") and Starr

Indemnity & Liability Company ("Starr"), through undersigned counsel, respectfully submit this

1

Notice of Removal of the above-captioned matter, and as cause show as follows:

## I. BACKGROUND

### 1.

This action commenced on March 18, 2020, when Plaintiff, Charlie Holmes, filed a Petition for Damages in the Twenty Third Judicial District Court for the Parish Ascension State of Louisiana, entitled *Charlie Holmes v. John Doe, TVS, Inc. d/b/a Deep South Freight, Starr Indemnity & Liability Company, and Gallagher Bassett Services, Inc.*, bearing docket no. 128505, Div. "D".[1]

### 2.

In Plaintiff's Petition for Damages, Plaintiff names John Doe, Deep South Freight, Starr, and Gallagher Bassett Services, Inc. ("Gallagher Bassett")[2], as Defendants.

### 3.

As discussed more fully in Section III, *infra*, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of Defendants' receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."[3]

### 4.

Venue for this removal is proper because the United States District Court for the Middle District of Louisiana is the district court embracing Ascension Parish, Louisiana where the state court action is pending.

---

[1] *See generally*, copies of all Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A.
[2] Defendants assert that Gallagher Basset is an improperly named party, and reserve their rights to seek dismissal of Gallagher Basset at a later date.
[3] *See* Section III, *infra*.

## II.  GROUNDS FOR REMOVAL—DIVERSTIY OF CITIZENSHIP JURISDICTION

5.

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendants and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A.  Complete Diversity of Citizenship

6.

In this case, Plaintiff's Petition for Damages states that Plaintiff is a "person of full age majority domiciled in Jefferson Parish, Louisiana."  Thus, Plaintiff is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

7.

A corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. 1332 (c)(1).  At the time of the filing of the Petition and at all times thereafter, Deep South Freight was incorporated in the state of Alabama with its principal place of business in Alabama.  Thus, Deep South Freight is a citizen of the State of Alabama for the purpose of diversity jurisdiction.

8.

According to the Petition, Starr is a "foreign insurance company authorized to do and doing business in the State of Louisiana, who at all material times herein, insured Defendant, TVS, Inc. d/b/a Deep South Freight."  A corporation is deemed a citizen of every State by which

it has been incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. 1332 (c)(1).  At the time of the filing of the Petition and at all times thereafter, Starr was incorporated in the state of Texas with its principal place of business in New York.  Thus, Starr is a citizen of the State of Texas and the State of New York for the purpose of diversity jurisdiction.

**B.  Citizenship of a Fictitious Defendant—John Doe**

9.

For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded.  *See* 28 U.S.C. 1441 (b)(1); *also Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001)(finding that 28 U.S.C. 1441 (b)(1) applies to 'John Doe' Defendants); *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n. 38 (5th Cir. 2014).  According to Plaintiff's Petition, John Doe is a "person of the full age of majority and resident of Alabama, who at all times relevant herein was acting in the course and scope of his employment with, was performing services for the benefit of, and/or was under the supervision, control, and/or direction of TVS Inc. d/b/a Deep South Freight."  Because John Doe is a fictitious name for a sued Defendant, the Court should disregard the citizenship of John Doe for the purposes of diversity jurisdiction.

### C.  Gallagher Basset is Improperly Joined as a Defendant

10.

Gallagher Basset's citizenship should be disregarded because it is improperly joined as a defendant to this action as the Plaintiff has not stated a cause of action against Gallagher Basset.[4] The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.[5]  According to the Petition, Plaintiff claims that Gallagher Bassett "acted as third-party administrator to Starr" and alleges that Gallagher Bassett is therefore liable "jointly, severally, and *in solido* with Defendants, TVS, Inc. d/b/a Deep South Freight, John Doe, and Starr Indemnity & Liability Company." Under state law, the Louisiana Direct Action Statute only provides injured persons with a right of direct action against an insured and their insurer jointly and *in solido*.[6]  The plaintiff's right of direct action does not encompass an insurer's third party administrator.[7] Accordingly, Gallagher Basset was improperly joined as a Defendant on account of its role as Starr's third-party administrator where there is no privity of contract between the Plaintiff and Gallagher Bassett.

Nevertheless, even if the Court were to find that Gallagher Bassett was a properly joined Defendant, which is denied, Gallagher Basset's joinder to this suit does not destroy complete

---

[4] *See Smallwood v. Illinois Cent R. Co.*, 385 F.3d, 568, 571 n. 1 (5th Cir. 2004)(noting that there is no substantive difference between the term "improper joinder" and "fraudulent joinder");  *also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n. 9 (5th Cir. 1988)(finding that co-defendants who are fraudulently joined or improperly joined need not join in removal).
[5] *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[6] *See* Louisiana Revised Statutes § 1269 (B)(1).
[7] *See id., also McCord v. Prudential Ins. Co., of America,* 2011 WL 13214397 (U.S. E.D. Tx. Feb. 10, 2011)(holding that a third party administrator was improperly joined to the suit when there was no privity of contract between the plaintiff and the third party administrator).

diversity of citizenship among the parties. A corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. 1332 (c)(1). At the time of the filing of the Petition and at all times thereafter, Gallagher Bassett was incorporated in the state of Delaware with its principal place of business in Illinois.[8] Thus, Gallagher Basset is a citizen of the State of Delaware and the State of Illinois for the purpose of diversity jurisdiction.

11.

Based on all of the foregoing reasons, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and Defendants are citizens of different states.

**III.    AMOUNT IN CONTROVERSY**

12.

Pursuant to 28 U.S.C. Sec. 1466 (c)(2)(A)(ii)-B, if the State in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand." Under such circumstances, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction.[9] The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) establishing "summary judgment type evidence" to

---

[8] *See* Secretary of State Public Filing, attached as Exhibit B.
[9] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

6

support a finding that the amount exceeds $75,000.[10]  To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[11]  However, if is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[12]  A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[13]

13.

Plaintiff herein does not allege a specific monetary amount of damages in his Petition for Damages.  However, it is apparent from the face of the Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.   In his Complaint, the Plaintiff seeks damages for multiple bodily injuries in addition to past and future mental anguish, past and future physical suffering, past and future medical expenses, and loss of enjoyment of life.  Plaintiff further seeks additional damages for past and future lost earnings and for alleged impairment to his wage earning capacity.   Additionally, the Plaintiff prays for all such general and special damages as the law may allow.  Thus, it is facially apparent from the Plaintiff's Petition that he seeks the

---

[10] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[11] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).
[12] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).
[13] *See generally, Luckett*, 171 F.3d at 298.

7

recovery of tortious damages in excess of $75,000.00 exclusive of costs and interest.[14] Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441

14.

In addition to satisfying the facially apparent test, Plaintiff's Petition for Damages lacks any general allegation that the monetary value of the case is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.  According to Louisiana Code of Civil Procedure Article 893(A)(1), such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."  Given the mandatory language of that Article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[15]  Indeed, a plaintiff's failure to comply with the requirements of Article 893 is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[16]  Thus, the Plaintiff's failure to

---

[14] *See, e.g., Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 212 n.20 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)(affirming the district court's denial of plaintiff's motion to remand because allegations of damages for physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, and loss of wages and earning capacity supported monetary basis for removal jurisdiction); *see also* 28 U.S.C. § 1446(c)(2).

[15] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted)(magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)(explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000)(quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

[16] *See Treqknia Bannister v. ACE American Insurance Company, et al.*, No. 16-2830, 2016 WL 2347861, at *2 n. 1 (E.D. La. May 4, 2016) (second footnote "1").

include any general allegation in his Petition for Damages regarding the monetary value of his claims stands as further evidence that the amount in controversy exceeds $75,000.

15.

For each of the foregoing reasons, it is apparent from the face of Plaintiff's Petition for Damages that the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.  TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

16.

Defendants have demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest. Now, Defendants further show that this Removal is timely sought under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

17.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, a notice of removal must be filed within 30 days following service on the removing defendant.  28 U.S.C. Sec. 1446(b)(i).

18.

On April 10, 2020, Plaintiff effected service of his Petition for Damages on Defendant, Deep South Freight.[17]

19.

This Notice of Removal was filed less than 30 days after Defendant, Deep South Freight, received service of Plaintiff's Petition for Damages.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

**B. This Removal Does Not Violate 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule**

20.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

21.

Here, named Defendants are not Louisiana citizens and this Court should disregard the citizenship of John Doe, a fictitious defendant.  Thus, this Removal does not violate the forum-defendant rule.

---

[17] *See* Exhibit A attached hereto.

## IV. CONSENT TO REMOVAL

### 22.

When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition. 28 U.S.C. Sec. 1446.  Further, a fictitious defendant is not a real party in interest, and as such, its presence does not destroy a diverse defendant's right to remove a case to federal court.[18]

### 23.

Defendant, John Doe, is a fictitious defendant who is not a real party in interest. Because John Doe is neither a real party in interest, nor a named party, Defendants need not explain John Doe failure to consent to this Removal.  Further, as above, Gallagher Bassett is an improperly joined Defendant to this action.  Nevertheless, to the extent that the Court requires, Gallagher Basset's consent to removal is provided through undersigned counsel in addition to Deep South Freight and Starr's consent to removal.

## V. PROCEDURAL COMPLIANCE

### 24.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

---

[18] *See Maxwell v. IASIS Glenwood Regional Medical Center*, 2015 WL 2452431, *2 (W.D. La. May 21, 2015) (*citing* 28 U.S.C. § 1441(a); *and Mjehovich v. Southern Natural Gas Co.*, 1989 WL 59864 (E.D. La. 1989)); *see also* 28 U.S.C. § 1446(b)(2) (requiring a removing defendant only explain the failure of a *named defendant* to join in or consent to removal) (emphasis added).

25.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Twenty-Third Judicial District Court for the Parish of Ascension State of Louisiana.

26.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

## VI.  JURY DEMAND

Defendants hereby pray for a trial by jury on all issues raised in Plaintiff's Complaint without waiving and hereby reserving all defenses and objections to the Complaint, including, but not limited to, lack of personal jurisdiction, improper venue, and insufficiency of process.

## CONCLUSION

**WHEREFORE,** Defendants, TVS, Inc., d/b/a/ Deep South Freight and Starr Indemnity & Liability Company, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully submitted,

*/s/ Stephen W. Gieger*
ERNEST P. GIEGER, JR. (No. 6154)
Email:          egieger@glllaw.com
EMILY E. EAGAN (No. 29166)
Email:          eeagan@glllaw.com
STEPHEN W. GIEGER (Bar No.:  37133)
Email:          sgieger@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
ATTORNEYS FOR TVS INC. D/B/A
  DEEP SOUTH FREIGHT, STARR
  INDEMNITY & LIABILITY
  INSURANCE COMPANY AND
  GALLAGHER BASSETT
  SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Connie P. Trieu, Esq.
Email:  ct@trieulawfirm.com
Allison J. Johnson, Esq.
Email:  aj@trieulawfirm.com
1800 Carol Sue Avenue, Suite 7
Gretna, Louisiana  70056
Attorneys for CHARLIE HOLMES

via email and/or facsimile and/or by depositing same into the United States mail, postage prepaid

and properly addressed this 27th day of April, 2020.

*/s/ Stephen W. Gieger*